MARTIN D. HOLLY, ESQ. (SBN: 201421)
ETHAN L. FLINDERS, ESQ. (SBN: 305347)
**RESNICK & LOUIS, P.C.**
515 South Flower Street, 18th Floor
Los Angeles, CA 90071
Telephone/Facsimile: (213) 419-5063
Email: mholly@rlattorneys.com
Email: eflinders@rlattorneys.com

Attorneys for Defendant TARGET CORPORATION

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA CAPITAL INSURANCE COMPANY as subrogee of its insureds Michael Weiss and Lara Weiss,<br><br>               Plaintiff,<br><br>vs.<br><br>GENERAL ELECTRIC COMPANY; JASCO PRODUCTS COMPANY LLC; and DOES l through 25, inclusive<br><br>               Defendants. | CASE NO. 2:21-cv-00482<br><br>(State Case No.  20STCV08167)<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(b) (DIVERSITY); DECLARATION OF MARTIN D. HOLLY**<br><br>Complaint Filed:  May 7, 2020<br><br>Trial Date:          n/a |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

**PLEASE TAKE NOTICE** that defendant TARGET CORPORATION (hereinafter "Target") hereby removes to this Court the state court action described below.

1.     On May 7, 2020, an action was commenced in the Superior Court of the State of California in and for the County of Los Angeles, entitled CALIFORNIA

1

CAPITAL INSURANCE COMPANY as subrogee of its insureds Michael Weiss and Lara Weiss, Plaintiff vs. GENERAL ELECTRIC COMPANY; JASCO PRODUCTS COMPANY LLC; and DOES l through 25, inclusive, Defendants, as Case Number 20STCV08167 (the "Action").  A true and correct copy of the Complaint is attached hereto as Exhibit "A."

2.     Target was first served a copy of the said Complaint on December 18, 2020, when counsel for Plaintiff caused to be served, by a process server, a copy of the said complaint and summons on CT Corporation System Los Angeles, Agent Authorized to Accept Service of Process for Target Corporation.  A true and correct copy of the transmittal of summons and service of process transmittal is attached hereto as Exhibit "B."

3.     Target is informed and believes that Plaintiff was, at the time she filed the Action and still is, a citizen of the State of California.

4.     The amount in controversy exceeds $75,000 based upon plaintiff's representation in the Complaint that "the amount of the loss paid to date is $370,942.93 as well as other sums according to proof," and this number represents the amount of money that it seeks to recover by way of this action.  A true and correct copy of the Complaint is attached hereto as Exhibit "A."

5.     This removal is filed within thirty (30) days of service of Plaintiff's complaint.

6.     This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1332 and is one which may be removed to this Court by defendant pursuant to the provisions of 28 U.S.C. §1441(a) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

7.     Target Corporation was, at the time of the filing of this action, and still is, a citizen of the State of Minnesota, incorporated under the laws of the State of Minnesota, with its principal place of business in the State of Minnesota.  Both the

California Secretary of State and Minnesota Secretary of State identify Target Corporation as a Minnesota Corporation with its principle address at 1000 Nicollet Mall, Minneapolis, Minnesota 55403 on their respective websites.  True and correct copies of search results for Target Corporation on those websites are attached hereto as Exhibit "D."

8.     Defendant General Electric Company is "a corporation organized and existing under the laws of the State of Massachusetts," according to the Complaint.  A true and correct copy of Defendant General Electric's Business Entity Summary from the Massachusetts Secretary of State website is attached hereto as Exhibit "E."  It establishes Defendant General Electric Company's existence as a corporation organized and existing under the laws of the State of Massachusetts.

9.     Defendant Jasco Products Company LLC is a "a corporation organized and existing under the laws of the State of Oklahoma," according to the Complaint.  A true and correct copy of Defendant Jasco Products Company LLC's Entity Summary Information from the Oklahoma Secretary of State website is attached hereto as Exhibit "F."  It establishes Defendant Jasco Products Company LLC's existence as a corporation organized and existing under the laws of the State of Oklahoma.

10.    This Notice of Removal is filed with this Court within 30 days after Target was served with the complaint on December 18, 2020.  Therefore, this removal is timely as required by 28 U.S.C. §1446(b) which specifically provides, "If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action." 28 U.S.C.§ 1446 (b).

/ / /

/ / /

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(b) (Diversity)

11.     Pursuant to 28 U.S.C. §1446(a), true and correct copies of all process, pleadings, and orders sent to and received by Target in the State Court action are attached hereto.

DATED:  January 15, 2021                    Respectfully Submitted,

                                            RESNICK & LOUIS, P.C.


                        By:   */s/ Martin D. Holly*
                              Martin D. Holly, Esq.
                              Ethan L. Flinders, Esq.
                              Attorneys for Defendant
                              TARGET CORPORATION

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(b) (Diversity)

# DECLARATION OF MARTIN D. HOLLY

I, MARTIN D. HOLLY, declare as follows:

1.     I am an attorney at law duly licensed to practice in the courts of the State of California and am a Partner in the firm of Resnick & Louis, P.C., attorneys of record for defendant TARGET CORPORATION (hereinafter "Target").  I have personal knowledge of the matters stated herein and, if called upon to testify as a witness, I could and would competently so testify.

2.     On May 7, 2020, an action was commenced in the Superior Court of the State of California in and for the County of Los Angeles, entitled CALIFORNIA CAPITAL INSURANCE COMPANY as subrogee of its insureds Michael Weiss and Lara Weiss, Plaintiff vs. GENERAL ELECTRIC COMPANY; JASCO PRODUCTS COMPANY LLC; and DOES l through 25, inclusive, Defendants, as Case Number 20STCV08167 (the "Action").  A true and correct copy of the Complaint is attached hereto as Exhibit "A."

3.     Target was first served a copy of the said Complaint on December 18, 2020, when counsel for Plaintiff caused to be served, by a process server, a copy of the said complaint and summons on CT Corporation System Los Angeles, CA, Agent Authorized to Accept Service of Process for Target Corporation.  A true and correct copy of the transmittal of summons and service of process transmittal is attached hereto as Exhibit "B."

4.     Target is informed and believes that Plaintiff was, at the time she filed the Action and still is, a citizen of the State of California.

5.     The amount in controversy exceeds $75,000 based upon plaintiff's representation in the Complaint that "the amount of the loss paid to date is $370,942.93 as well as other sums according to proof," and this number represents the amount of money that it seeks to recover by way of this action.  A true and correct copy of the Complaint is attached hereto as Exhibit "A."

/ / /

6.     This removal is filed within thirty (30) days of service of Plaintiff's complaint.

7.     This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1332 and is one which may be removed to this Court by defendant pursuant to the provisions of 28 U.S.C. §1441(a) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

8.     Target Corporation was, at the time of the filing of this action, and still is, a citizen of the State of Minnesota, incorporated under the laws of the State of Minnesota, with its principal place of business in the State of Minnesota.  Both the California Secretary of State and Minnesota Secretary of State identify Target Corporation as a Minnesota Corporation with its principle address at 1000 Nicollet Mall, Minneapolis, Minnesota 55403 on their respective websites.  True and correct copies of search results for Target Corporation on those websites are attached hereto as Exhibit "D."

9.     Defendant General Electric Company is "a corporation organized and existing under the laws of the State of Massachusetts," according to the Complaint.  A true and correct copy of Defendant General Electric's Business Entity Summary from the Massachusetts Secretary of State website is attached hereto as Exhibit "E."  It establishes Defendant General Electric Company's existence as a corporation organized and existing under the laws of the State of Massachusetts.

10.     Defendant Jasco Products Company LLC is a "a corporation organized and existing under the laws of the State of Oklahoma," according to the Complaint.  A true and correct copy of Defendant Jasco Products Company LLC's Entity Summary Information from the Oklahoma Secretary of State website is attached hereto as Exhibit "F."  It establishes Defendant Jasco Products Company LLC's existence as a corporation organized and existing under the laws of the State of Oklahoma.

/ / /

2

11.     This Notice of Removal is filed with this Court within 30 days after Target was served with the complaint on December 18, 2020.  Therefore, this removal is timely as required by 28 U.S.C. §1446(b) which specifically provides, "If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action." 28 U.S.C.§ 1446 (b).

12.     Pursuant to 28 U.S.C. §1446(a), true and correct copies of all process, pleadings, and orders sent to and received by Target in the State Court action are attached hereto.

13.     A true and correct copy of the Answer to Complaint and Request for Jury Trial filed with the California Superior Court on January __, 2021 is attached hereto as Exhibit "G."

14.     On January 13, 2021, I left a voicemail message for counsel for Defendant Jasco Products Company LLC, Susan Luhring, and sent an email to counsel for Defendant General Electric Company, Alla Policastro, indicating that Target was recently served with the Complaint and that I intended to remove the matter to federal court.  I further asked for their consent.  As of the execution of this declaration and removal, no response has been received.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 15th day of January, 2021, at Los Angeles, California.


         /s/ Martin D. Holly     .
        Martin D. Holly, Declarant

3

# EXHIBIT "A"

 Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS



**Date:** Fri, Dec 18, 2020

**Server Name:** Douglas Forrest

| Entity Served | TARGET CORPORATION |
|---|---|
| Agent Name | C T CORPORATION SYSTEM |
| Case Number | 20STCV08167 |
| Jurisdiction | CA |



Electronically FILED by Superior Court of California, County of Los Angeles on 12/15/2020 01:11 PM Sherri R. Carter, Executive Officer/Clerk of Court, by D. Ramos, Deputy Clerk

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER 264774 | Reserved for Clerk's File Stamp |
|---|---|---|
| Sally Noma, Esq. NOMA LAW FIRM 505 14th Street Suite 900 Oakland, CA 94612 | | |

ATTORNEY FOR (Name): Plaintiff California Capital Insurance Company

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:
Stanley Mosk Courthouse - 111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF:
California Capital Insurance Company

DEFENDANT:
General Electric, et al.

| AMENDMENT TO COMPLAINT (Fictitious /Incorrect Name) | CASE NUMBER: 20STCV08167 |
|---|---|

☑ **FICTITIOUS NAME** *(No order required)*

Upon the filing of the complaint, the plaintiff, being ignorant of the true name of the defendant and having designated the defendant in the complaint by the fictitious name of:

FICTITIOUS NAME
DOE 1

and having discovered the true name of the defendant to be:

TRUE NAME
Target Corporation

amends the complaint by substituting the true name for the fictitious name wherever it appears in the complaint.

| DATE 12/15/2020 | TYPE OR PRINT NAME Sally Noma, Esq. | SIGNATURE OF ATTORNEY |
|---|---|---|

☐ **INCORRECT NAME** *(Order required)*

The plaintiff, having designated a defendant in the complaint by the incorrect name of:

INCORRECT NAME

and having discovered the true name of the defendant to be:

TRUE NAME

amends the complaint by substituting the true name for the incorrect name wherever it appears in the complaint.

| DATE | TYPE OR PRINT NAME | SIGNATURE OF ATTORNEY |
|---|---|---|

## ORDER

THE COURT ORDERS the amendment approved and filed.

_____
Dated

_____
Judicial Officer

LASC LACIV 105 (Rev. 08/18)
For Optional Use

**AMENDMENT TO COMPLAINT**
**(Fictitious / Incorrect Name)**

Code Civ. Proc., §§ 471.5,
472, 473, 474

Electronically Received 12/15/2020 01:11 PM

Electronically FILED by Superior Court of California, County of Los Angeles on 05/07/2020 03:13 PM Sherri R. Carter, Executive Officer/Clerk of Court, by D. Ramos,Deputy Clerk
20STCV08167

**SUM-100**

## (AMENDED) SUMMONS
### *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

GENERAL ELECTRIC COMPANY; JASCO PRODUCTS
COMPANY LLC; and DOES 1 through 25, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

CALIFORNIA CAPITAL INSURANCE COMPANY as subrogee
of its insureds Michael Weiss and Lara Weiss

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Los Angeles Superior Court<br>312 North Spring Street, Los Angeles, CA 90012 (Spring Street Courthouse) | CASE NUMBER:<br>*(Número del Caso):* 20STCV08167 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*     (415) 493-0755

Sally Noma; NOMA LAW FIRM 505 14th Street Ste. 900 Oakland CA 94612

| DATE:<br>*(Fecha)* 05/07/2020 | Clerk, by<br>*(Secretario)* | Sherri R. Carter Executive Officer / Clerk of Court<br>D. Ramos | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☒ as the person sued under the fictitious name of *(specify):* Doe 1: Target Corporation

3. ☐ on behalf of *(specify):*

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*

4. ☒ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2008] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

Electronically FILED by Superior Court of California, County of Los Angeles on 05/07/2020 03:13 PM Sherri R. Carter, Executive Officer/Clerk of Court, by D. Ramos,Deputy Clerk

Sally Noma (SBN 264774)
**NOMA LAW FIRM**
505 14th Street Ste. 900
Oakland CA 94612
Telephone: (415) 493-0755
Facsimile: (415) 889-6990
*sally@nomalaw.com*

Attorneys for Plaintiff California Capital Insurance Company
as subrogee of its insureds Michael Weiss and Lara Weiss

### SUPERIOR COURT OF CALIFORNIA

### COUNTY OF LOS ANGELES

| | |
|---|---|
| CALIFORNIA CAPITAL INSURANCE COMPANY as subrogee of its insureds Michael Weiss and Lara Weiss,<br><br>Plaintiff,<br><br>vs.<br><br>GENERAL ELECTRIC COMPANY; JASCO PRODUCTS COMPANY LLC; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No.:  20STCV08167<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES (SUBROGATION)**<br><br>**JURY DEMAND** |

Plaintiff, CALIFORNIA CAPITAL INSURANCE COMPANY as subrogee of its insureds Michael Weiss and Lara Weiss, alleges as follows:

1.     Plaintiff, CALIFORNIA CAPITAL INSURANCE COMPANY ("CCIC") is an insurance company, licensed to do business as an insurance carrier in the State of California.

2.     MICHAEL WEISS and LARA WEISS are and at all times mentioned herein were the owners of real property located at 30050 Trail Creek Dr., Agoura Hills, CA 91301 ("SUBJECT PROPERTY").

3.     At all times herein mentioned, CCIC insured MICHAEL WEISS and LARA WEISS (hereinafter collectively referred to as "INSUREDS") under a homeowners' insurance

1   policy which obligated CCIC to indemnify INSUREDS against losses or damages to their

2   respective properties for losses caused by fire.

3       4.      Defendant GENERAL ELECTRIC COMPANY is, and at all times herein

4   mentioned was, a corporation organized and existing under the laws of the State of

5   Massachusetts and doing business in California.

6       5.      Defendant JASCO PRODUCTS COMPANY LLC is, and at all times herein

7   mentioned was, a corporation organized and existing under the laws of the State of Oklahoma

8   and doing business in California.

9       6.      At all times herein mentioned, defendant GENERAL ELECTRIC COMPANY

10  was in the business of constructing, designing, manufacturing, assembling, distributing and/or

11  selling GE brand relocatable power taps ("RPT") that caused damage to the property of the

12  INSUREDS.

13      7.      At all times herein mentioned, defendant JASCO COMPANY was in the business

14  of constructing, designing, manufacturing, assembling, distributing and/or selling GE brand

15  relocatable power taps ("RPT") that caused damage to the property of the INSUREDS.

16      8.      The true names and capacities of the defendants sued herein under Section 474 of

17  the California Code of Civil Procedure as DOES 1 through 25 are unknown to CCIC, who

18  therefore sues said defendants by such fictitious names, and will amend this complaint to show

19  their true names and capacities when ascertained.  CCIC is informed and believes, and thereon

20  alleges, that each of said fictitiously named defendants is responsible in some manner for the acts

21  and damages suffered by plaintiff as herein alleged.

22      9.      At all times herein mentioned, each of the defendants was the agent and employee

23  of each of the remaining defendants and, in doing the things hereinafter alleged, was acting

24  within the course and scope of such agency and employment.

25      10.     On or about May 7, 2019, a GE-brand relocatable power tap ("RPT") located in

26  the SUBJECT PROPERTY failed and caused a fire. Specifically, the product failed due to one or

27  more design or manufacturing defects, including the failure of one or more metal oxide varistors.

28

AMENDED COMPLAINT FOR DAMAGES
2

1  The resultant fire caused substantial damage to the SUBJECT PROPERTY as well as loss of use

2  of the SUBJECT PROPERTY.

3       11.    On behalf of the INSUREDS, CCIC has undertaken to repair the SUBJECT

4  PROPERTY and has indemnified the INSUREDS for the damages and loss of use caused by the

5  fire referred to above.  To the extent of the payments made under the above-named insurance

6  policy herein mentioned, CCIC is subrogated to the rights the INSUREDS to recover its

7  expenditures from defendants.  The amount of the loss paid to date is $370,942.93 as well as

8  other sums according to proof.  Pursuant to Civil Code Section 3287, et seq., CCIC is entitled to

9  interest at the rate of ten percent (10%) per annum from the date of its payments to INSUREDS.

10  Further payments on the WEISS claim will be made and this Complaint will be amended

11  according to proof.

12                          **FIRST CAUSE OF ACTION**

13               **(Strict Liability-Products Liability – Against all Defendants)**

14       12.    CCIC incorporates each and every allegation contained in Paragraphs 1 through

15  11, herein.

16       13.    At all times herein mentioned, defendants, and each or them, knew and intended

17  that the above referenced RPT used in the INSUREDS' residence would be purchased by

18  members of the public and used by the purchasers without inspection for defects.

19       14.    The RPT used in the SUBJECT PROPERTY was defective when it left

20  defendants' control.  At all times herein mentioned, the INSUREDS used the RPT in the manner

21  intended by defendants or in a reasonably foreseeable manner.

22       15.    The RPT used in the SUBJECT PROPERTY contained the same mechanism of

23  failure and failed in substantially the same manner as a result of a design defect and/or a

24  manufacturing defect.

25       16.    The defect or defects in the RPT were substantial causes of the fire that occurred

26  at the SUBJECT PROPERTY.  The fire resulted in substantial damage to the INSUREDS' real

27  and personal property as well as loss of use to their property.

28

1

## SECOND CAUSE OF ACTION

2

### (Negligence – Against all Defendants)

3   17.    CCIC incorporates each and every allegation contained in Paragraphs 1 through

4   16, herein.

5   18.    Defendants, and each of them, had a duty to use reasonable care in the

6   construction, manufacture, design, distribution, sale and assembly of the RPT.

7   19.    Defendants breached said duty by negligently constructing, manufacturing,

8   designing, distributing, selling, and/or assembling the RPT.

9   20.    As a proximate result of the defendants' negligence, the real and personal

10  property of the INSUREDS were severely damaged as alleged above.

11

## THIRD CAUSE OF ACTION

12

### (Negligent Failure to Recall or Retrofit Product – Against all Defendants)

13  21.    CCIC hereby incorporates all of the allegations set forth in paragraphs 1 through

14  20 above as though fully set forth herein.

15  22.    Defendants, and each of them, knew or reasonably should have known that the

16  RPT referred to in this complaint was defective and dangerous or was likely to be defective and

17  dangerous when used in a reasonably foreseeable manner.

18  23.    Plaintiff is informed and believes that Defendants became aware of this defect

19  after the product was sold, but before the subject fires occurred.

20  24.    Defendants failed to recall, retrofit, warn, or otherwise safeguard against the

21  danger presented by the RPT referred to herein.

22  25.    A reasonable manufacturer, distributor, or seller under the same or similar

23  circumstances would have recalled, retrofitted, or warned of the danger associated with the RPT.

24  26.    Defendants' negligent failure to recall, retrofit, warn or otherwise safeguard

25  against the danger associated with the RPT was a substantial factor in causing the harm to the

26  INSUREDS as alleged above.

27

28

---

AMENDED COMPLAINT FOR DAMAGES

4

### FOURTH CAUSE OF ACTION

**(Breach of Implied Warranty Civil Code 1791.1, et sec. - Against Defendant JASCO PRODUCTS COMPANY LLC and DOES 1 - 10)**

27.     PLAINTIFF incorporates the allegations contained in Paragraphs 1 through 26, herein.

28.     Defendants JASCO PRODUCTS COMPANY LLC and Does 1 through 10 are and at all times were in the business of selling and distributing RPTs including those used within the INSUREDS' home.

29.     At all times relevant the RPTS sold by defendant JASCO PRODUCTS COMPANY LLC and Does 1 through 10 were not of the quality a buyer would expect nor were they fit for the ordinary purposes for which the product is used by the average consumer.

30.     PLAINTIFF has taken reasonable steps to notify defendant JASCO PRODUCTS COMPANY LLC and Does 1 through 10 of the failure of the RPT.

31.     As a proximate result of defendant JASCO PRODUCTS COMPANY LLC and Does 1 through 10, PLAINTIFF has been damaged in the manner alleged above.

WHEREFORE, CCIC prays for judgment against defendants as follows:

1.     For the compensatory damages in the amount of $370,942.93 and other sums according to proof;

2.     For reasonable costs and attorneys' fees related to Plaintiff's Fourth Cause of Action against Defendant Jasco Products Company LLC and DOES 1-10 only;

3.     For prejudgment interest at ten percent (10%) per annum from the date of each payment; and

4.     For such other and further relief as the Court may deem just and proper.

1    DATE: May ___7___, 2020        NOMA LAW FIRM

2

3

                                       Sally Noma, Esq.

4                                     Attorneys for Plaintiff, CALIFORNIA

5                                     CAPITAL INSURANCE COMPANY

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Electronically FILED by Superior Court of California, County of Los Angeles on 02/27/2020 01:03 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Barel,Deputy Clerk

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

<div style="float:right; border:1px solid;">FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE)</div>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

GENERAL ELECTRIC COMPANY; JASCO PRODUCTS
COMPANY LLC; and DOES 1 through 25;

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

CALIFORNIA CAPITAL INSURANCE COMPANY as subrogee
of its insureds Michael Weiss and Lara Weiss

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Los Angeles Superior Court<br>111 North Hill Street Los Angeles CA 90012 (Stanley Mosk) | CASE NUMBER:<br>*(Número del Caso):*<br>20STCV08167 |
| --- | --- |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Sally Noma; NOMA LAW FIRM 505 14th Street Ste. 900 Oakland CA 94612

| DATE:<br>*(Fecha)* 02/27/2020 | Sherri R. Carter Executive Officer / Clerk of Court | |
| --- | --- | --- |
| | Clerk, by<br>*(Secretario)* M. Barel | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

20STCV08167

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Laura Seigle

Electronically FILED by Superior Court of California, County of Los Angeles on 02/27/2020 01:03 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Barel, Deputy Clerk

1  Sally Noma (SBN 264774)
**NOMA LAW FIRM**
2  505 14th Street Ste. 900
Oakland CA 94612
3  Telephone: (415) 493-0755
Facsimile: (415) 889-6990
4  _sally@nomalaw.com_

5
Attorneys for Plaintiff California Capital Insurance Company
6  as subrogee of its insureds Michael Weiss and Lara Weiss

7

8                      **SUPERIOR COURT OF CALIFORNIA**

9                          **COUNTY OF LOS ANGELES**

10

11

CALIFORNIA CAPITAL INSURANCE           Case No.: 20STCV08167
12  COMPANY as subrogee of its insureds
Michael Weiss and Lara Weiss,          **COMPLAINT FOR DAMAGES**
13                                         **(SUBROGATION)**
                  Plaintiff,
14                                         **JURY DEMAND**
        vs.
15
GENERAL ELECTRIC COMPANY;
16  JASCO PRODUCTS COMPANY LLC;
and DOES 1 through 25, inclusive,
17
                  Defendants.
18

19

20        Plaintiff, CALIFORNIA CAPITAL INSURANCE COMPANY as subrogee of its

21  insureds Michael Weiss and Lara Weiss, alleges as follows:

22        1.    Plaintiff, CALIFORNIA CAPITAL INSURANCE COMPANY ("CCIC") is an

23  insurance company, licensed to do business as an insurance carrier in the State of California.

24        2.    MICHAEL WEISS and LARA WEISS are and at all times mentioned herein

25  were the owners of real property located at 30050 Trail Creek Dr., Agoura Hills, CA 91301

26  ("SUBJECT PROPERTY").

27        3.    At all times herein mentioned, CCIC insured MICHAEL WEISS and LARA

28  WEISS (hereinafter collectively referred to as "INSUREDS") under a homeowners' insurance

1    policy which obligated CCIC to indemnify INSUREDS against losses or damages to their

2    respective properties for losses caused by fire.

3        4.    Defendant GENERAL ELECTRIC COMPANY is, and at all times herein

4    mentioned was, a corporation organized and existing under the laws of the State of

5    Massachusetts and doing business in California.

6        5.    Defendant JASCO PRODUCTS COMPANY LLC is, and at all times herein

7    mentioned was, a corporation organized and existing under the laws of the State of Oklahoma

8    and doing business in California.

9        6.    At all times herein mentioned, defendant GENERAL ELECTRIC COMPANY

10   was in the business of constructing, designing, manufacturing, assembling, distributing and/or

11   selling GE brand relocatable power taps ("RPT") that caused damage to the property of the

12   INSUREDS.

13       7.    At all times herein mentioned, defendant JASCO COMPANY was in the business

14   of constructing, designing, manufacturing, assembling, distributing and/or selling GE brand

15   relocatable power taps ("RPT") that caused damage to the property of the INSUREDS.

16       8.    The true names and capacities of the defendants sued herein under Section 474 of

17   the California Code of Civil Procedure as DOES 1 through 25 are unknown to CCIC, who

18   therefore sues said defendants by such fictitious names, and will amend this complaint to show

19   their true names and capacities when ascertained.  CCIC is informed and believes, and thereon

20   alleges, that each of said fictitiously named defendants is responsible in some manner for the acts

21   and damages suffered by plaintiff as herein alleged.

22       9.    At all times herein mentioned, each of the defendants was the agent and employee

23   of each of the remaining defendants and, in doing the things hereinafter alleged, was acting

24   within the course and scope of such agency and employment.

25       10.   On or about May 7, 2019, a GE-brand relocatable power tap ("RPT") located in

26   the SUBJECT PROPERTY failed and caused a fire. Specifically, the product failed due to one or

27   more design or manufacturing defects, including the failure of one or more metal oxide varistors.

28

1   The resultant fire caused substantial damage to the SUBJECT PROPERTY as well as loss of use

2   of the SUBJECT PROPERTY.

3        11.     On behalf of the INSUREDS, CCIC has undertaken to repair the SUBJECT

4   PROPERTY and has indemnified the INSUREDS for the damages and loss of use caused by the

5   fire referred to above.  To the extent of the payments made under the above-named insurance

6   policy herein mentioned, CCIC is subrogated to the rights the INSUREDS to recover its

7   expenditures from defendants.  The amount of the loss paid to date is $370,942.93 as well as

8   other sums according to proof.  Pursuant to Civil Code Section 3287, et seq., CCIC is entitled to

9   interest at the rate of ten percent (10%) per annum from the date of its payments to INSUREDS.

10  Further payments on the WEISS claim will be made and this Complaint will be amended

11  according to proof.

12  **FIRST CAUSE OF ACTION**

13  **(Strict Liability-Products Liability – Against all Defendants)**

14       12.     CCIC incorporates each and every allegation contained in Paragraphs 1 through

15  11, herein.

16       13.     At all times herein mentioned, defendants, and each or them, knew and intended

17  that the above referenced RPT used in the INSUREDS' residence would be purchased by

18  members of the public and used by the purchasers without inspection for defects.

19       14.     The RPT used in the SUBJECT PROPERTY was defective when it left

20  defendants' control.  At all times herein mentioned, the INSUREDS used the RPT in the manner

21  intended by defendants or in a reasonably foreseeable manner.

22       15.     The RPT used in the SUBJECT PROPERTY contained the same mechanism of

23  failure and failed in substantially the same manner as a result of a design defect and/or a

24  manufacturing defect.

25       16.     The defect or defects in the RPT were substantial causes of the fire that occurred

26  at the SUBJECT PROPERTY.  The fire resulted in substantial damage to the INSUREDS' real

27  and personal property as well as loss of use to their property.

28

## SECOND CAUSE OF ACTION

### (Negligence – Against all Defendants)

17.    CCIC incorporates each and every allegation contained in Paragraphs 1 through 16, herein.

18.    Defendants, and each of them, had a duty to use reasonable care in the construction, manufacture, design, distribution, sale and assembly of the RPT.

19.    Defendants breached said duty by negligently constructing, manufacturing, designing, distributing, selling, and/or assembling the RPT.

20.    As a proximate result of the defendants' negligence, the real and personal property of the INSUREDS were severely damaged as alleged above.

## THIRD CAUSE OF ACTION

### (Negligent Failure to Recall or Retrofit Product – Against all Defendants)

21.    CCIC hereby incorporates all of the allegations set forth in paragraphs 1 through 20 above as though fully set forth herein.

22.    Defendants, and each of them, knew or reasonably should have known that the RPT referred to in this complaint was defective and dangerous or was likely to be defective and dangerous when used in a reasonably foreseeable manner.

23.    Plaintiff is informed and believes that Defendants became aware of this defect after the product was sold, but before the subject fires occurred.

24.    Defendants failed to recall, retrofit, warn, or otherwise safeguard against the danger presented by the RPT referred to herein.

25.    A reasonable manufacturer, distributor, or seller under the same or similar circumstances would have recalled, retrofitted, or warned of the danger associated with the RPT.

26.    Defendants' negligent failure to recall, retrofit, warn or otherwise safeguard against the danger associated with the RPT was a substantial factor in causing the harm to the INSUREDS as alleged above.

## **FOURTH CAUSE OF ACTION**

### **(Breach of Implied Warranty Civil Code 1791.1, et sec. - Against Defendant JASCO**

### **PRODUCTS COMPANY LLC and DOES 1 - 10)**

27.     PLAINTIFF incorporates the allegations contained in Paragraphs 1 through 26, herein.

28.     Defendants JASCO PRODUCTS COMPANY LLC and Does 1 through 10 are and at all times were in the business of selling and distributing RPTs including those used within the INSUREDS' home.

29.     At all times relevant the RPTS sold by defendant JASCO PRODUCTS COMPANY LLC and Does 1 through 10 were not of the quality a buyer would expect nor were they fit for the ordinary purposes for which the product is used by the average consumer.

30.     PLAINTIFF has taken reasonable steps to notify defendant JASCO PRODUCTS COMPANY LLC and Does 1 through 10 of the failure of the RPT.

31.     As a proximate result of defendant JASCO PRODUCTS COMPANY LLC and Does 1 through 10, PLAINTIFF has been damaged in the manner alleged above.

WHEREFORE, CCIC prays for judgment against defendants as follows:

1.     For the compensatory damages in the amount of $370,942.93 and other sums according to proof;

2.     For reasonable costs and attorneys' fees pursuant to Civil Code Section 1794;

3.     For prejudgment interest at ten percent (10%) per annum from the date of each payment; and

4.     For such other and further relief as the Court may deem just and proper.

DATE: February__ 27 __, 2020          NOMA LAW FIRM

Sally Noma, Esq.
Attorneys for Plaintiff, CALIFORNIA
CAPITAL INSURANCE COMPANY

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PROOF OF SERVICE

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): 20STCV08167 | FOR COURT USE ONLY |
|---|---|
| Sally Noma SBN 264774<br>NOMA LAW FIRM<br>505 14th Street Suite 900<br>Oakland CA 94612<br>TELEPHONE NO.: 415.493.0755    FAX NO. (Optional): 415.889.6990<br>ATTORNEY FOR (Name): Plaintiff California Capital Insurance Company | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles CA 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
California Capital Insurance Company v. General Electric Company, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [x] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 20STCV08167<br><br>JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[x] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [x] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action (specify):
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: February 27, 2020

Sally Noma, Esq.
_____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |
|---|---|---|

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or
toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil
harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer
or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally
complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent
domain, landlord/tenant, or
foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex
case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-
domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-
harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified
above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

| SHORT TITLE: California Capital Insurance Company v. General Electric et al. | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

| This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court. |
|---|

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto<br>Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11<br>1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11<br>1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☑ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11<br>1, 4, 11<br>1, 4, 11<br>1, 4, 11 |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

| SHORT TITLE: California Capital Insurance Company v. General Electric et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: California Capital Insurance Company v. General Electric et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 3 of 4

| SHORT TITLE: California Capital Insurance Company v. General Electric et al. | CASE NUMBER |
|---|---|

**Step 4:** **Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: <br><br> ☑ 1. ☐ 2. ☐ 3. ☑ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☑ 11. | ADDRESS: <br><br> 30050 Trail Creek Drive |
|---|---|
| CITY: <br> Agoura Hills | STATE: <br> CA | ZIP CODE: <br> 91301 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___Van Nuys Courthouse East___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: 2/20/2020 _____

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1.  Original Complaint or Petition.

2.  If filing a Complaint, a completed Summons form for issuance by the Clerk.

3.  Civil Case Cover Sheet, Judicial Council form CM-010.

4.  Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5.  Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6.  A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7.  Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Electronically FILED by Superior Court of California, County of Los Angeles on 03/24/2020 01:36 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Panganiban,Deputy Clerk

1   Sally Noma (SBN 264774)
    **NOMA LAW FIRM**

2   505 14th Street Ste. 900
    Oakland CA 94612

3   Office: 415.493.0755
    Fax: 415.889.6990

4   sally@nomalaw.com

5

6   Attorneys for Plaintiff California Capital Insurance Company
    as subrogee of its insureds Michael Weiss and Lara Weiss

7

8               **SUPERIOR COURT OF CALIFORNIA**

9                 **COUNTY OF LOS ANGELES**

10

11   CALIFORNIA CAPITAL INSURANCE     Case No.: 20STCV08167
    COMPANY as subrogee of its insureds

12   Michael Weiss and Lara Weiss,        **PLAINTIFF'S NOTICE OF POSTING JURY**
                                  **FEES**

13

14               Plaintiff,

15    vs.

16   GENERAL ELECTRIC COMPANY;
    JASCO PRODUCTS COMPANY LLC;

17   and DOES 1 through 25, inclusive,

              Defendants.
18

19

20      TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

21       PLEASE TAKE NOTICE that Plaintiff California Capital Insurance Company

22   posts jury fees in the amount of $150.00.

23

24

25

26

27

28

Date:   March 24, 2020

**NOMA LAW FIRM**

By: _____
Sally Noma, Esq.
Attorney for CALIFORNIA CAPITAL
INSURANCE COMPANY

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Stanley Mosk Courthouse, Department 1

**20STCV08167**                                                      December 8, 2020
**CALIFORNIA CAPITAL INSURANCE COMPANY AS**                                  2:00 PM
**SUBROGEE OF ITS INSUREDS MICAHAEL WEISS AND**
**LARA WEISS vs GENERAL ELECTRIC COMPANY, et al.**

Judge: Honorable Samantha Jessner          CSR: None
Judicial Assistant: L. Albino              ERM: None
Courtroom Assistant: R. Innis              Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s): No Appearances

**NATURE OF PROCEEDINGS:** Court Order Re Reassignment Pursuant to a Recusal

Good cause appearing and on order of the Court, the above matter is reassigned from Judge
Edward B. Moreton in Department 27, to Judge Daniel M. Crowley in Department 28 at the
Spring Street Court, for all further proceedings.

If any appearing party has not yet exercised a peremptory challenge under 170.6 CCP,
peremptory challenges by them to the newly assigned judge must be timely filed within the 15
day period specified in Section 170.6 CCP, with extensions of time pursuant to CCP 1013 if
service is by mail. Previously non-appearing parties, if any, have a 15-day statutory period from
first appearance to file a peremptory challenge (68616(1) Govt. Code

Final Status Conference set for 8/12/2021 in Department 27 is advanced and continued to
8/12/2021 at 10:00 a.m. in Department 28 at the Spring Street Courthouse.

Trial set for 8/26/2021 in Department 27 is advanced and continued to 8/26/2021 at 8:30 a.m. in
Department 28 at the Spring Street Courthouse.

Order to Show Cause Re Dismissal set for 2/23/2023 in Department 27 is advanced and
continued to 2/23/2023 at 8:30 a.m. in Department 28 at the Spring Street Courthouse.

Counsel for Plaintiff is ordered to give notice to all parties.

Certificate of Mailing is attached.

| **SUPERIOR COURT OF CALIFORNIA** **COUNTY OF LOS ANGELES** | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS: Spring Street Courthouse 312 North Spring Street, Los Angeles, CA 90012 | **FILED** Superior Court of California County of Los Angeles 12/08/2020 Sherri R. Carter, Executive Officer / Clerk of Court By: L. Albino Deputy |
| PLAINTIFF/PETITIONER: California Capital Insurance Company as Subrogee Of Its Insureds Michael Weiss And Lara Weiss | |
| DEFENDANT/RESPONDENT: General Electric Company et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER: 20STCV08167 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (Court Order Re Reassignment Pursuant to a Recusal) of 12/08/2020  upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.


Sally Noma
505 14th Street 900
Oakland, CA  94612


Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 12/8/2020                    By:  L. Albino
                                              Deputy Clerk



**CERTIFICATE OF MAILING**

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS: Spring Street Courthouse 312 North Spring Street, Los Angeles, CA 90012 | **FILED** Superior Court of California County of Los Angeles 03/10/2020 Sherri R. Carter, Executive Officer / Clerk of Court By: L. Castillejo Deputy |
| PLAINTIFF/PETITIONER: California Capital Insurance Company as Subrogee Of Its Insureds Michael Weiss And Lara Weiss | |
| DEFENDANT/RESPONDENT: General Electric Company et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER: 20STCV08167 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the PI General Order, Standing Order re PI Procedures and Hearing Dates  upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.


Sally Noma
505 14th Street 900
Oakland, CA  94612


Sherri R. Carter, Executive Officer / Clerk of Court

Dated: <u>03/10/2020</u>

By: <u>L. Castillejo</u>
       Deputy Clerk


**CERTIFICATE OF MAILING**

2018-SJ-007-00

FILED
Superior Court of California
County of Los Angeles

APR 16 2018

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
Stephanie Chung

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| IN RE PERSONAL INJURY COURT ("PI COURT") PROCEDURES, **CENTRAL DISTRICT** (EFFECTIVE APRIL 16, 2018) | ) CASE NO.: 20STCV08167 <br> ) <br> ) STANDING ORDER RE: PERSONAL <br> ) INJURY PROCEDURES, CENTRAL <br> ) DISTRICT <br> ) <br> ) |

<u>**DEPARTMENT:**</u>  ) \  2 ☐   3 ☐   4 ☐   5 ☐ 7 ☐

<u>**FINAL STATUS CONFERENCE ("FSC"):**</u>

- **DATE:** _____08/12/2021_____ AT 10:00 A.M.

<u>**TRIAL:**</u>

- **DATE:** _____08/26/2021_____ AT 8:30 A.M.

<u>**OSC RE DISMISSAL (CODE CIV. PROC., § 583.210):**</u>

- **DATE:** _____02/23/2023_____ AT 8:30 A.M.

TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:

Pursuant to the California Code of Civil Procedure ("C.C.P."), the California Rules of Court ("C.R.C.") and the Los Angeles County Court Rules ("Local Rules"), the Los Angeles Superior Court ("LASC" or "Court") HEREBY AMENDS AND SUPERSEDES THE AUGUST 10, 2017 SEVENTH AMENDED GENERAL ORDER AND, GENERALLY, ORDERS AS FOLLOWS IN THIS AND ALL OTHER GENERAL JURISDICTION PERSONAL INJURY ACTIONS FILED IN THE CENTRAL DISTRICT.

2018-SJ-007-00

1.    To ensure proper assignment to a PI Court, Plaintiff(s) must carefully fill out the Civil Case Cover Sheet Addendum (form LACIV 109). The Court defines "personal injury" as:

> "an unlimited civil case described on the Civil Case Cover Sheet Addendum and Statement of Location (LACIV 109) as Motor Vehicle-Personal Injury/Property Damage/Wrongful Death; Personal Injury/Property Damage/Wrongful Death-Uninsured Motorist; Product Liability (other than asbestos or toxic/environmental); Medical Malpractice-Physicians & Surgeons; Other Professional Health Care Malpractice; Premises Liability; Intentional Bodily Injury/Property Damage/Wrongful Death; or Other Personal Injury/Property Damage/Wrongful Death. An action for intentional infliction of emotional distress, defamation, civil rights/discrimination, or malpractice (other than medical malpractice), is not included in this definition. An action for injury to real property is not included in this definition." (Local Rule 2.3(a)(1)(A).)

Consistent with Local Rule 2.3(a)(1)(A), the Court will assign a case to the PI Courts if plaintiff(s) check any of the following boxes in the Civil Case Cover Sheet Addendum:

> A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death
>
> A7110 Personal Injury/Property Damage/Wrongful Death   Uninsured Motorist
>
> A7260 Product Liability (not asbestos or toxic/environmental)
>
> A7210 Medical Malpractice   Physicians & Surgeons
>
> A7240 Medical Malpractice   Other Professional Health Care Malpractice
>
> A7250 Premises Liability (e.g., slip and fall)
>
> A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism etc.)
>
> A7220 Other Personal Injury/Property Damage/Wrongful Death

The Court will not assign cases to the PI Courts if plaintiff(s) check any boxes elsewhere in the Civil Case Cover Sheet Addendum (any boxes on pages two and three of that form).

///

Standing Order Re Personal Injury Procedures, Central District

2018-SJ-007-00

1        The Court sets the above dates in this action in the PI Court circled above (Department

2  2, 3, 4, 5, or 7) at the Spring Street Courthouse, 312 North Spring Street, Los Angeles, CA 90012.

3  (C.R.C. Rules 3.714(b)(3), 3.729.)

4  **FILING OF DOCUMENTS**

5  2.     Parties may file documents in person at the filing window on the first floor of the Stanley

6  Mosk Courthouse (111 N. Hill Street, Los Angeles, CA 90012) or by U.S. Mail or e-Delivery,

7  which is available online at *www.lacourt.org* (link on homepage). Please note that filings are no

8  longer accepted via facsimile and must be filed either in person, via U.S. mail or via e-Delivery.

9  Claims involving an attorney-client fee dispute, documents in which the filing party is a minor,

10  legally incompetent person, or person for whom a conservator has been appointed, requests to

11  waive court fees (FW-001) and requests for accommodations by persons with disabilities (MC-

12  410), may not be filed via e-Delivery.

13  **SERVICE OF SUMMONS AND COMPLAINT**

14  3.     Plaintiff(s) shall serve the summons and complaint in this action upon defendant(s) as

15  soon as possible but no later than <u>three years</u> from the date when the complaint is filed.

16  (C.C.P. § 583.210, subd.(a).)  On the OSC re Dismissal date noted above, the PI Court will

17  dismiss the action and/or all unserved parties unless the plaintiff(s) show cause why the action

18  or the unserved parties should not be dismissed. (C.C.P. §§ 583.250; 581, subd. (b)(4).)

19  4.     The Court sets the above trial and FSC dates on condition that plaintiff(s) effectuate

20  service on defendant(s) of the summons and complaint within six months of filing the complaint.

21  5.     The PI Court will dismiss the case without prejudice pursuant to C.C.P. § 581 when no

22  party appears for trial.

23  **STIPULATIONS TO CONTINUE TRIAL**

24  6.     Provided that all parties agree (and there is no violation of the "five-year rule," C.C.P.

25  § 583.310), the parties may advance or continue any trial date in the PI Courts without showing

26  good cause or articulating any reason or justification for the change.  To continue or advance a

27  trial date, the parties (or their counsel of record) should jointly execute and submit (at the filing

28  window on the first floor of the Stanley Mosk Courthouse, via U.S. mail or via e-Delivery; fee

2018-SJ-007-00

1   required) a Stipulation to Continue Trial, FSC and Related Motion/Discovery Dates (form

2   LACIV CTRL-242, available on the court's website, Personal Injury Court link). The PI Courts

3   schedule FSCs for 10:00 a.m., eight (8) court days before the trial date. Parties seeking to

4   continue the trial and FSC dates shall file the Stipulation at least eight court days before the FSC

5   date. Parties seeking to advance the trial and FSC dates shall file the Stipulation at least eight

6   court days before the proposed advanced FSC date. (C.C.P. § 595.2; Govt. Code § 70617, subd.

7   (c)(2).) In selecting a new trial date, parties should avoid setting on any Monday, or the Tuesday

8   following a court holiday. Parties may submit a maximum of two stipulations to continue trial,

9   for a total continuance of six months. Subsequent requests to continue trial will be granted upon

10  a showing of good cause by noticed motion. This rule is retroactive so that any previously

11  granted stipulation to continue trial will count toward the maximum number of allowed

12  continuances.

13  **NO CASE MANAGEMENT CONFERENCES**

14  7.      The PI Courts do not conduct Case Management Conferences. The parties need not file

15  a Case Management Statement.

16  **LAW AND MOTION**

17  8.      Any documents with declarations and/or exhibits must be tabbed. (C.R.C. Rule

18  3.1110(f).) All depositions excerpts referenced in briefs must be marked on the transcripts

19  attached as exhibits. (C.R.C. Rule 3.1116(c).)

20  **CHAMBERS COPIES REQUIRED**

21  9.      In addition to filing original motion papers at the filing window on the first floor of the

22  Stanley Mosk Courthouse, via U.S. mail or via e-Delivery, the parties must deliver, directly to

23  the PI Court courtrooms at the Spring Street Courthouse, an extra copy (marked "Chambers

24  Copy") of reply briefs and all other motion papers filed less than seven (7) court days before a

25  hearing calendared in the PI Courts. The PI Courts also strongly encourage the parties filing and

26  opposing lengthy motions, such as motions for summary judgment/adjudication, to submit one

27  or more three-ring binders organizing the chambers copy behind tabs.

28  ///

2018-SJ-007-0C

1   IDC.

2       If parties do not stipulate to extend the deadlines, the moving party may file the motion

3   to avoid it being deemed untimely.   However, the IDC must take place before the motion is

4   heard so it is suggested that the moving party reserve a date for the motion hearing that is at least

5   60 days after the date when the IDC reservation is made.  Motions to Compel Further Discovery

6   Responses are heard at 10:00 a.m.  If the IDC is not productive, the moving party may advance

7   the hearing on a Motion to Compel Further Discovery Responses on any available hearing date

8   that complies with the notice requirements of the Code of Civil Procedure.

9   14.    Parties are directed to reserve IDC dates in the PI Courts using CRS available online at

10   www.lacourt.org (link on homepage).   Parties are to meet and confer regarding the available

11   dates in CRS prior to accessing the system.  After reserving the IDC date, the reservation

12   requestor must file in the appropriate department and serve an Informal Discovery Conference

13   Form for Personal Injury Courts, from LACIV 239 (revised 12/14 or later), at least 15 court days

14   prior to the conference and attach the CRS reservation receipt as the last page.  The opposing

15   party may file and serve a responsive IDC form, briefly setting forth that party's response, at

16   least 10 court days prior to the IDC.

17   15.    Time permitting, the PI Hub judges may be available to participate in IDCs to try to

18   resolve other types of discovery disputes.

19   **EX PARTE APPLICATIONS**

20   16.    Under the California Rules of Court, courts may only grant *ex parte* relief upon a

21   showing, by admissible evidence, that the moving party will suffer "irreparable harm,"

22   "immediate danger," or where the moving party identifies "a statutory basis for granting relief

23   *ex parte.*" (C.R.C. Rule 3.1202(c).) The PI Courts have no capacity to hear multiple *ex parte*

24   applications or to shorten time to add hearings to their fully booked motion calendars.  The PI

25   Courts do not regard the Court's unavailability for timely motion hearings as an "immediate

26   danger" or threat of "irreparable harm" justifying *ex parte* relief.  Instead of seeking *ex parte*

27   relief, the moving party should reserve the earliest available motion hearing date (even if it is

28   after the scheduled trial date) and should file a motion to continue trial.  Parties should also check

1    the Court Reservation System from time to time because earlier hearing dates may become

2    available as cases settle or hearings are taken off calendar.

3    **REQUEST FOR TRANSFER TO INDEPENDENT CALENDAR DEPARTMENT**

4    17.     Parties seeking to transfer a case from a PI Court to an Independent Calendar ("I/C")

5    Court shall file (at the filing window on the first floor of the Stanley Mosk Courthouse, via U.S.

6    mail or via e-Delivery) and serve the Court's "Motion to Transfer Complicated Personal Injury

7    Case to Independent Calendar Court" (form LACIV 238, available on the Court's website under

8    the PI Courts link).    The PI Courts will transfer a matter to an I/C Court if the case is not a

9    "Personal Injury" case as defined in this Order, or if it is "complicated." In determining whether

10    a personal injury case is "complicated" the PI Courts will consider, among other things, the

11    number of pretrial hearings or the complexity of issues presented.

12    18.     Parties opposing a motion to transfer have five court days to file (at the filing window

13    on the first floor of the Stanley Mosk Courthouse, via U.S. mail or via e-Delivery) an Opposition

14    (using the same LACIV 238 Motion to Transfer form).

15    19.     The PI Courts will not conduct a hearing on any Motion to Transfer to I/C Court.

16    Although the parties may stipulate to transfer a case to an Independent Calendar Department, the

17    PI Courts will make an independent determination whether to transfer the case or not.

18    **FINAL STATUS CONFERENCE**

19    20.     Parties shall comply with the requirements of the PI Courts' "First Amended Standing

20    Order Re Final Status Conference," which shall be served with the summons and complaint.

21    **JURY FEES**

22    21.     Parties must pay jury fees no later than 365 calendar days after the filing of the initial

23    complaint. (C. C. P. § 631, subds. (b) and (c).)

24    **JURY TRIALS**

25    22.     The PI Courts do not conduct jury trials. On the trial date, a PI Court will contact the

26    Master Calendar Court, Department One, in the Stanley Mosk Courthouse. Department One

27    will assign cases out for trial to dedicated Civil Trial Courtrooms and designated Criminal

28    Courtrooms.

Page 7 of 8

2018-SJ-007-00

1   **SANCTIONS**

2   23.     The Court has discretion to impose sanctions for any violation of this general order.

3   (C.C.P. §§ 128.7, 187 and Gov. Code, § 68608, subd. (b).)

4

5

6   Dated: *April 16, 2018*

7                                             Debre K. Weintraub
                                              Supervising Judge of Civil Courts
8                                             Los Angeles Superior Court

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Standing Order Re Personal Injury Procedures, Central District

**FILED**
Superior Court of California
County of Los Angeles

2020-SJ-002-00

FEB 24 2020

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
Corina Albino

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| IN RE PERSONAL INJURY COURT ("PI COURT") PROCEDURES SPRING STREET COURTHOUSE (EFFECTIVE FEBRUARY 24, 2020) | ) CASE NO.: <br> ) <br> ) FIRST AMENDED STANDING ORDER <br> ) RE: PERSONAL INJURY PROCEDURES <br> ) AT THE SPRING STREET COURTHOUSE |

**ALL HEARINGS ARE SET IN THE DEPARTMENT AS REFLECTED IN THE NOTICE OF CASE ASSIGNMENT**

**FINAL STATUS CONFERENCE:**

DATE: \_\_\_\_\_8/12/2021\_\_\_\_\_ AT 10:00 A.M.

**TRIAL:**

DATE: \_\_\_\_\_8/26/2021\_\_\_\_\_ AT 8:30 A.M.

**OSC RE DISMISSAL**
**(CODE CIV. PROC., § 583.210):**

DATE: \_\_\_\_\_2/23/2023\_\_\_\_\_ AT 8:30 A.M.

TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:

Pursuant to the California Code of Civil Procedure ("C.C.P."), the California Rules of Court ("C.R.C.") and the Los Angeles County Court Rules ("Local Rules"), the Los Angeles Superior Court ("LASC" or "Court") HEREBY AMENDS AND SUPERSEDES THE SEPTEMBER 26, 2019 STANDING ORDER AND, GENERALLY ORDERS AS FOLLOWS IN THIS AND ALL OTHER GENERAL JURISDICTION PERSONAL INJURY ("PI") ACTIONS FILED IN THE CENTRAL DISTRICT.

///

1    I.      To ensure proper assignment to a PI Court, plaintiff(s) must carefully fill out the Civil
2    Case Cover Sheet Addendum (form LACIV 109). The Court defines "personal injury" as: "an
3    unlimited civil case described on the Civil Case Cover Sheet Addendum and Statement of
4    Location (LACIV 109) as Motor Vehicle-Personal Injury/Property Damage/Wrongful Death;
5    Personal Injury/Property Damage/Wrongful Death-Uninsured Motorist; Product Liability
6    (other than asbestos or toxic/environmental); Medical Malpractice-Physicians & Surgeons;
7    Other Professional Health Care Malpractice; Premises Liability; Intentional Bodily
8    Injury/Property Damage/Wrongful Death; or Other Personal Injury/Property Damage/Wrongful
9    Death. An action for intentional infliction of emotional distress, defamation, civil
10   rights/discrimination, or malpractice (other than medical malpractice), is not included in this
11   definition. An action for injury to real property is not included in this definition" (Local Rule
12   2.3(a)(1) (A)).

13           Consistent with Local Rule 2.3(a)(1)(A), the Court will assign a case to the PI Courts if
14   plaintiff(s) checks any of the following boxes in the Civil Case Cover Sheet Addendum:

15                   ☐   A7100 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death
16                   ☐   A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured
17                       Motorist
18                   ☐   A7260 Product Liability (not asbestos or toxic/environmental)
19                   ☐   A7210 Medical Malpractice – Physicians & Surgeons
20                   ☐   A7240 Medical Malpractice – Other Professional Health Care Malpractice
21                   ☐   A7250 Premises Liability (e.g., slip and fall)
22                   ☐   A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g.,
23                       assault, vandalism etc.)
24                   ☐   A7220 Other Personal Injury/Property Damage/Wrongful Death

25           The Court will not assign cases to the PI Courts if plaintiff(s) checks any boxes elsewhere
26   in the Civil Case Cover Sheet Addendum (any boxes on pages two and three of that form).
27           The Court sets the above dates in this action in the PI Court as reflected in the Notice of
28   Case Assignment at the Spring Street Courthouse, 312 North Spring Street, Los Angeles, CA

1 | 90012 (C.R.C. Rules 3.714(b)(3), 3.729).

2 | **FILING OF DOCUMENTS**

3 | 2.       With the exception of self-represented litigants or parties or attorneys that have obtained
4 | an exemption from mandatory electronic filing, parties must electronically file documents.
5 | Filings are no longer accepted via facsimile. The requirements for electronic filing are detailed
6 | in the Court's operative General Order Re Mandatory Electronic Filing for Civil, available online
7 | at www.lacourt.org (link on homepage).

8 | **SERVICE OF SUMMONS AND COMPLAINT**

9 | 3.       Plaintiff(s) shall serve the summons and complaint in this action upon defendant(s) as
10 | soon as possible but no later than three years from the date when the complaint is filed
11 | (C.C.P. § 583.210, subd. (a)).  On the OSC re Dismissal date noted above, the PI Court will
12 | dismiss the action and/or all unserved parties unless the plaintiff(s) shows cause why the action
13 | or the unserved parties should not be dismissed (C.C.P. §§ 583.250; 581, subd. (b)(4)).

14 | 4.       The Court sets the above trial and final status conference ("FSC") dates on the condition
15 | that plaintiff(s) effectuate service on defendant(s) of the summons and complaint within six
16 | months of filing the complaint.

17 | 5.       The PI Court will dismiss the case without prejudice pursuant to Code of Civil Procedure
18 | § 581 when no party appears for trial.

19 | **STIPULATIONS TO CONTINUE TRIAL**

20 | 6.       Provided that all parties agree (and there is no violation of the "five-year rule" (C.C.P.
21 | § 583.310)), the parties may advance or continue any trial date in the PI Courts without showing
22 | good cause or articulating any reason or justification for the change.  To continue or advance a
23 | trial date, the parties (or their counsel of record) should jointly execute and submit a Stipulation
24 | to Continue Trial, FSC and Related Motion/Discovery Dates (form LACIV CTRL-242, available
25 | on the court's website, Personal Injury Court link). The PI Courts schedule FSCs at 10:00 a.m.,
26 | eight court days before the trial date.  Parties seeking to continue the trial and FSC dates shall
27 | file the stipulation at least eight court days before the FSC date.   Parties seeking to advance the
28 | trial and FSC dates shall file the stipulation at least eight court days before the proposed advanced

1  FSC date (C.C.P. § 595.2;  Govt. Code § 70617, subd. (c)(2)).  In selecting a new trial date,

2  parties should avoid setting on any Monday, or the Tuesday following a court holiday.  Parties

3  may submit a maximum of two stipulations to continue trial, for a total continuance of six

4  months.  Subsequent requests to continue trial will be granted upon a showing of good cause by

5  noticed motion.  This rule is retroactive so that any previously granted stipulation to continue

6  trial will count toward the maximum number of allowed continuances.

7  **NO CASE MANAGEMENT CONFERENCES**

8  7.      The PI Courts do not conduct case management conferences.  The parties need not file a

9  Case Management Statement.

10  **LAW AND MOTION**

11  8.      Any and all electronically-filed documents must be text searchable and bookmarked.

12  (*See* operative General Order re Mandatory Electronic Filing in Civil).

13  **COURTESY COPIES REQUIRED**

14  9.      Pursuant to the operative General Order re Mandatory Electronic Filing, courtesy

15  copies of certain documents must be submitted directly to the PI Court courtrooms at the

16  Spring Street Courthouse.  The PI Courts also strongly encourage the parties filing and

17  opposing lengthy motions, such as motions for summary judgment/adjudication, to submit one

18  or more three-ring binders organizing the courtesy copy behind tabs.  Any courtesy copies of

19  documents with declarations and/or exhibits must be tabbed (C.R.C. Rule 3.1110(f)).  All

20  deposition excerpts referenced in briefs must be marked on the transcripts attached as exhibits

21  (C.R.C. Rule 3.1116(c)).

22  **RESERVATION HEARING DATE**

23  10.     Parties must reserve hearing dates for motions in the PI Courts using the Court

24  Reservation System (CRS) available online at *www.lacourt.org* (link on homepage).  After

25  reserving a motion hearing date, the reservation requestor must submit the papers for filing with

26  the reservation receipt number printed on the face page of the document under the caption and

27  attach the reservation receipt as the last page.  Parties or counsel who are unable to utilize the

28  online CRS may reserve a motion hearing date by calling the PI courtroom, Monday through

1 | Friday, between 3:00 p.m. and 4:00 p.m.

2 | **WITHDRAWAL OF MOTIONS**

3 | 11.    California Rules of Court, Rule 3.1304(b) requires a moving party to notify the court

4 | immediately if a matter will not be heard on the scheduled date.  In keeping with that rule, the

5 | PI Courts require parties to comply with Code of Civil Procedure section 472(a) with regard to

6 | the amending of pleadings related to demurrers or motions to strike so that the PI Courts do not

7 | needlessly prepare tentative rulings for these matters.

8 | **DISCOVERY MOTIONS**

9 | 12.    The purpose of an Informal Discovery Conference ("IDC") is to assist the parties to

10 | resolve and/or narrow the scope of discovery disputes.  Lead trial counsel on each side, or another

11 | attorney with full authority to make binding agreements, must attend in person.  The PI judges

12 | have found that, in nearly every case, the parties amicably resolve disputes with the assistance

13 | of the Court.

14 | 13.    Parties **must** participate in an IDC **before** a Motion to Compel Further Responses to

15 | Discovery will be heard unless the moving party submits evidence, by way of declaration, that

16 | the opposing party has failed or refused to participate in an IDC.  Scheduling or participating in

17 | an IDC does not automatically extend any deadlines imposed by the Code of Civil Procedure for

18 | noticing and filing discovery motions.  Ideally, the parties should participate in an IDC before a

19 | motion is filed because the IDC may avoid the necessity of a motion or reduce its scope.  Because

20 | of that possibility, attorneys are encouraged to stipulate to extend the 45 (or 60) day deadline for

21 | filing a motion to compel further discovery responses in order to allow time to participate in an

22 | IDC.

23 |         If parties do not stipulate to extend the deadlines, the moving party may file the motion

24 | to avoid it being deemed untimely.   However, the IDC must take place before the motion is

25 | heard so it is suggested that the moving party reserve a date for the motion hearing that is at least

26 | 60 days after the date when the IDC reservation is made.  Motions to Compel Further Discovery

27 | Responses are heard at 10:00 a.m.  If the IDC is not productive, the moving party may advance

28 | the hearing on a Motion to Compel Further Discovery Responses on any available hearing date

1 | that complies with the notice requirements of the Code of Civil Procedure.

2 | 14.     Parties must reserve IDC dates in the PI Courts using CRS, which is available online at

3 | www.lacourt.org (link on homepage).  Parties must meet and confer regarding the available dates

4 | in CRS prior to accessing the system.  After reserving the IDC date, the reservation requestor

5 | must file and serve an Informal Discovery Conference Form for Personal Injury Courts (form

6 | LACIV 239) at least 15 court days prior to the conference and attach the CRS reservation receipt

7 | as the last page.  The opposing party may file and serve a responsive IDC form, briefly setting

8 | forth that party's response, at least ten court days prior to the IDC.

9 | 15.     Time permitting, the PI Hub judges may be available to participate in IDCs to try to

10 | resolve other types of discovery disputes.

11 | **EX PARTE APPLICATIONS**

12 | 16.     Under the California Rules of Court, courts may only grant *ex parte* relief upon a

13 | showing, by admissible evidence, that the moving party will suffer "irreparable harm,"

14 | "immediate danger," or where the moving party identifies "a statutory basis for granting relief

15 | ex parte" (C.R.C. Rule 3.1202(c)).  The PI Courts have no capacity to hear multiple *ex parte*

16 | applications or to shorten time to add hearings to their fully booked motion calendars.  The PI

17 | Courts do not regard the Court's unavailability for timely motion hearings as an "immediate

18 | danger" or threat of "irreparable harm" justifying *ex parte* relief.  Instead of seeking *ex parte*

19 | relief, the moving party should reserve the earliest available motion hearing date (even if it is

20 | after the scheduled trial date) and file a motion to continue trial.  Parties should also check

21 | CRS from time to time because earlier hearing dates may become available as cases settle or

22 | hearings are taken off calendar.

23 | **REQUEST FOR TRANSFER TO INDEPENDENT CALENDAR DEPARTMENT**

24 | 17.     Parties seeking to transfer a case from a PI Court to an Independent Calendar ("IC")

25 | Court shall file and serve the Court's "Motion/Opposition/Stipulation to Transfer Complicated

26 | Personal Injury Case to Independent Calendar Court" (form LACIV 238, available on the Court's

27 | website under the PI Courts link).  The PI Courts will transfer a matter to an IC Court if the case

28 | is not a "Personal Injury" case as defined in this Order, or if it is "complicated."  In determining

2020-SJ-002-00

whether a personal injury case is "complicated" the PI Courts will consider, among other things, the number of pretrial hearings or the complexity of issues presented.

18.     Parties opposing a motion to transfer have five court days to file an Opposition (using the same LACIV 238 Motion to Transfer form).

19.     The PI Courts will not conduct a hearing on any Motion to Transfer to IC Court. Although the parties may stipulate to transfer a case to an Independent Calendar Department, the PI Courts will make an independent determination whether to transfer the case or not.

**FINAL STATUS CONFERENCE**

20.     Parties shall comply with the requirements of the PI Courts' operative Standing Order Re Final Status Conference, which shall be served with the summons and complaint.

**JURY FEES**

21.     Parties must pay jury fees no later than 365 calendar days after the filing of the initial complaint (C. C. P. § 631, subd. (c)(2)).

**JURY TRIALS**

22.     The PI Courts do not conduct jury trials.  On the trial date, a PI Court will contact the Master Calendar Court, Department One, in the Stanley Mosk Courthouse.  Department One will assign cases for trial to dedicated Civil Trial Courtrooms and designated Criminal Courtrooms.

**SANCTIONS**

23.     The Court has discretion to impose sanctions for any violation of this general order (C.C.P. §§ 128.7, 187 and Gov. Code, § 68608, subd. (b)).

Dated:  Feb. 24, 2020

SAMANTHA P. JESSNER
Supervising Judge of Civil Courts

Page 7 of 7

First Amended Standing Order Re Personal Injury Procedures, Spring Street Courthouse

2020-SJ-004-00

**FILED**
Superior Court of California
County of Los Angeles

FEB 24 2020

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
Lorena Abino

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

| | |
|---|---|
| IN RE PERSONAL INJURY CASES ASSIGNED TO THE PERSONAL INJURY COURTS AT THE SPRING STREET COURTHOUSE | )<br>)<br>)<br>)<br>) | THIRD AMENDED STANDING ORDER RE: FINAL STATUS CONFERENCE, PERSONAL INJURY ("PI") COURTS (Effective January 13, 2020) |

The dates for Trial and the Final Status Conference ("FSC") having been set in this matter, the **COURT HEREBY AMENDS AND SUPERSEDES ITS August 9, 2019 STANDING ORDER RE: FINAL STATUS CONFERENCE, PERSONAL INJURY ("PI") COURTS AND, GENERALLY ORDERS AS FOLLOWS IN THIS AND ALL OTHER GENERAL JURISDICTION PERSONAL INJURY ACTIONS:**

## 1.     PURPOSE OF THE FSC

The purpose of the FSC is to verify that the parties/counsel are completely ready to proceed with trial continuously and efficiently, from day to day, until verdict.  The PI Courts will verify at the FSC that all parties/counsel have (1) prepared the Exhibit binders and Trial Document binders and (2) met and conferred in an effort to stipulate to ultimate facts, legal issues, motions in limine, and the authentication and admissibility of exhibits.

///

///

///

Page 1 of 5

THIRD AMENDED ORDER RE FINAL STATUS CONFERENCE, PERSONAL INJURY COURTS
(Effective January 13, 2020)

2. **TRIAL DOCUMENTS TO BE FILED**

At least five calendar days prior to the Final Status Conference, the parties/counsel shall serve and file the following Trial Readiness Documents:

A.   **TRIAL BRIEFS (OPTIONAL)**

Each party/counsel may, but is not required to, file a trial brief succinctly identifying:

(1) the claims and defenses subject to litigation;

(2) the major legal issues (with supporting points and authorities);

(3) the relief claimed and calculation of damages sought; and

(4) any other information that may assist the court at trial.

B.   **MOTIONS IN LIMINE**

Before filing motions in limine, the parties/counsel shall comply with the statutory notice provisions of Code of Civil Procedure ("C.C.P.") Section 1005 and the requirements of Los Angeles County Court Rule ("Local Rule") 3.57(a). The caption of each motion in limine shall concisely identify the evidence that the moving party seeks to preclude. Parties filing more than one motion in limine shall number them consecutively. Parties filing opposition and reply papers shall identify the corresponding motion number in the caption of their papers.

C.   **JOINT STATEMENT TO BE READ TO THE JURY**

For jury trials, the parties/counsel shall work together to prepare and file a joint written statement of the case for the court to read to the jury (Local Rule 3.25(g)(4)).

D.   **JOINT WITNESS LIST**

The parties/counsel shall work together to prepare and file a joint list of all witnesses that each party intends to call, excluding impeachment and rebuttal witnesses (Local Rule 3.25(g)(5)). The joint witness list shall identify each witness by name, specify which witnesses are experts, estimate the length of the direct, cross examination and re-direct examination (if any) of each, and include a total of the number of hours for all witness testimony. The parties/counsel shall identify all potential witness scheduling issues and special requirements. Any party/counsel who seeks to elicit testimony from a witness not identified on the witness list must first make a showing of good cause to the trial court.

### E.   LIST OF PROPOSED JURY INSTRUCTIONS
####      (JOINT AND CONTESTED)

The parties/counsel shall jointly prepare and file a list of proposed jury instructions, organized in numerical order, specifying the instructions upon which all sides agree and the contested instructions, if any.  The List of Proposed Jury Instructions must include a space by each instruction for the judge to indicate whether the instruction was given.

### F.   JURY INSTRUCTIONS
####      (JOINT AND CONTESTED)

The parties/counsel shall prepare a complete set of full-text proposed jury instructions, editing all proposed California Civil Jury Instructions and insert party name(s) and eliminate blanks, brackets, and irrelevant material.  The parties/counsel shall prepare special instructions in a format ready for submission to the jury with the instruction number, title, and text only (i.e., there should be no boxes or other indication on the printed instruction itself as to the requesting party).

### G.   JOINT VERDICT FORM(S)

The parties/counsel shall prepare and jointly file a proposed general verdict form or special verdict form (with interrogatories) acceptable to all sides (Local Rule 3.25(g)(8)).  If the parties/counsel cannot agree on a joint verdict form, each party must separately file a proposed verdict form.

### H.   JOINT EXHIBIT LIST

The parties/counsel shall prepare and file a joint exhibit list organized with columns identifying each exhibit and specifying each party's evidentiary objections, if any, to admission of each exhibit.  The parties/counsel shall meet and confer in an effort to resolve objections to the admissibility of each exhibit.

### I.   PAGE AND LINE DESIGNATION FOR
####      DEPOSITION AND FORMER TESTIMONY

If the parties/counsel intend to use deposition testimony or former trial testimony in lieu of any witness's live testimony, the parties/counsel shall meet and confer and jointly prepare and file a chart with columns for each of the following:  1) the page and line designations of the deposition or

Page 3 of 5

former testimony requested for use, 2) objections, 3) counter-designations, 4) any responses thereto, and 5) the Court's ruling.

**3.     EVIDENTIARY EXHIBITS**

The parties/counsel shall jointly prepare (and be ready to temporarily lodge for inspection at the FSC) three sets of tabbed, internally paginated by document, and properly-marked exhibits, organized numerically in three-ring binders (a set for the Court, the Judicial Assistant and the witnesses).  The parties/counsel shall mark all non-documentary exhibits and insert a simple written description of the exhibit behind the corresponding numerical tab in the exhibit binder.  If the parties have a joint signed exhibit list and electronic copies of their respective exhibits, then the parties/counsel will not be required to produce exhibit binders at the FSC.  However, the exhibit binders will be required by the assigned trial judge when the trial commences.  In the absence of either a joint signed exhibit list or electronic copies, exhibit binders will be required to be produced by all parties/counsel at the FSC.

**4.     TRIAL BINDERS REQUIRED IN THE PI COURTS**

The parties/counsel shall jointly prepare (and be ready to temporarily lodge and include the following for inspection at the FSC) the Trial Documents consisting of conformed copies (if available), tabbed and organized into three-ring binders with a table of contents that includes the following:

| | |
|---|---|
| Tab A: | Trial Briefs (Optional) |
| Tab B: | Motions in Limine |
| Tab C: | Joint Statement to Be Read to the Jury |
| Tab D: | Joint Witness List |
| Tab E: | Joint List of Jury Instructions (identifying the agreed upon and contested instructions) |
| Tab F: | Joint and Contested Jury Instructions |
| Tab G: | Joint and/or Contested Verdict Form(s) |
| Tab H: | Joint Exhibit List |

THIRD AMENDED ORDER RE FINAL STATUS CONFERENCE, PERSONAL INJURY COURTS
(Effective January 13, 2020)

Tab I:      Joint Chart of Page and Line Designation(s) for Deposition and

Former Testimony

Tab J:      Copies of the Current Operative Pleadings (including the operative complaint,

answer, cross-complaint, if any, and answer to any cross-complaint).

The parties/counsel shall organize motions in limine (tabbed in numerical order) behind Tab B with the opposition papers and reply papers for each motion placed directly behind the moving papers. The parties shall organize proposed jury instructions behind Tab F, with the agreed upon instructions first in order followed by the contested instructions (including special instructions) submitted by each side.

## 5.      FAILURE TO COMPLY WITH FSC OBLIGATIONS

The court has discretion to require any party/counsel who fails or refuses to comply with this Amended Standing Order to Show Cause why the Court should not impose monetary, evidentiary and/or issue sanctions (including the entry of a default or the striking of an answer).

Dated: _Feb. 24, 2020_

SAMANTHA P. JESSNER
Supervising Judge of Civil Courts

2020-SJ-003-00

**FILED**
Superior Court of California
County of Los Angeles

FEB 24 2020

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
Lorena Albino



# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| IN RE PERSONAL INJURY CASES ASSIGNED TO PERSONAL INJURY COURTROOMS AT THE SPRING STREET COURTHOUSE | ) FIFTH AMENDED STANDING ORDER ) RE: MANDATORY SETTLEMENT ) CONFERENCE ) (Effective February 24, 2020) ) |

TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:

Pursuant to California Code of Civil Procedure, the California Rules of Court and the Los Angeles Court Rules, the Los Angeles Superior Court ("Court") HEREBY AMENDS AND SUPERSEDES THE September 26, 2019 FOURTH AMENDED STANDING ORDER, AND THE COURT HEREBY ISSUES THE FOLLOWING FIFTH AMENDED STANDING ORDER:

The Court orders the parties to participate in a Mandatory Settlement Conference ("MSC") supervised by a Personal Injury Court Judge and staffed by volunteer settlement attorneys from the American Board of Trial Advocates, the Association of Southern California Defense Counsel, and the Consumer Attorneys Association of Los Angeles.

1. Plaintiff's counsel shall, within two (2) court days of the Court's order of an MSC, access the Consumer Attorneys Association of Los Angeles ("CAALA") website, at www.caala.org, and under "The LASC COURT CONNECTION" click on "LA Superior Court PI MSC (Parties)," to register and schedule a mutually agreed upon time for the MSC prior to the trial date.

2. A mandatory settlement conference statement shall be served on all parties not less than five (5) court days before the scheduled MSC. Parties' counsel shall serve

1

2020-SJ-003-00

1   opposing counsel, CAALA at stuart@caala.org, and the Court by email.   Email

2   addresses for the PI courtrooms can be found on the Court's website at

3   www.lacourt.org, under "*Division*" go to "*Civil*", then go to "*General Jurisdiction*

4   *PI Court*" then click on "*PI Courtroom Email Addresses*".   CAALA will forward

5   the mandatory settlement conference statements to the settlement attorneys.

6   3.   Pursuant to California Rules of Court, Rule 3.1380(b) and Los Angeles Superior

7       Court Rule 3.25(d), trial counsel, the parties and persons, including insurance

8       company representatives with full settlement authority, must attend in person unless

9       the settlement judge excuses personal appearance for good cause.

10  4.   If the case settles prior to the scheduled MSC, Plaintiff's counsel shall notify the

11      specific Courtroom, forthwith, of such settlement by email and also CAALA by email

12      to stuart@caala.org.

13  5.   Parties and counsel are ordered to appear in in the assigned Personal Injury

14      Courtroom at the scheduled time and date of the MSC as selected by the parties'

15      counsel.

16  6.   The Court has the discretion to require any party and/or counsel who fails or refuses

17      to comply with this order to show cause why the Court should not impose monetary

18      sanctions.

19

20

21  Dated:   Feb. 24, 2020

22      SAMANTHA P. JESSNER
        Supervising Judge of Civil Courts

23

24

25

26

27

28

2



## Superior Court of California, County of Los Angeles

---

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

### What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR and litigation and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR:

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may _not_ be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

How to arrange mediation in Los Angeles County

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

- **ADR Services, Inc.** Case Manager patricia@adrservices.com (310) 201-0010 (Ext. 261)
- **JAMS, Inc.** Senior Case Manager mbinder@jamsadr.com (310) 309-6204
- **Mediation Center of Los Angeles (MCLA)** Program Manager info@mediationLA.org (833) 476-9145
  - Only MCLA provides mediation in person, by phone and by videoconference

These organizations cannot accept every case and they may decline cases at their discretion.
Visit www.lacourt.org/ADR.Res.List for important information and FAQs before contacting them.
NOTE: This program does not accept family law, probate, or small claims cases.

b. **Los Angeles County Dispute Resolution Programs**
   https://wdacs.lacounty.gov/programs/drp/
- Small claims, unlawful detainers (evictions) and, at the Spring Street Courthouse, limited civil:
  - Free, day- of- trial mediations at the courthouse. No appointment needed.
  - Free or low-cost mediations before the day of trial.
  - For free or low cost Online Dispute Resolution (ODR) by phone or computer before the day of trial, visit
    http://www.lacourt.org/division/smallclaims/pdf/OnlineDisputeResolutionFlyer-EngSpan.pdf

c. **Mediators and ADR and Bar organizations** that provide mediation may be found on the internet.

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/CI0047.aspx

**Los Angeles Superior Court ADR website:** http://www.lacourt.org/division/civil/CI0109.aspx
**For general information and videos about ADR, visit** http://www.courts.ca.gov/programs-adr.htm

LASC CIV 271 Rev. 01/20
For Mandatory Use

# EXHIBIT "B"

 **CT Corporation**

**Service of Process Transmittal**
12/18/2020
CT Log Number 538768262

**TO:**   Sue Carlson
Target Corporation
1000 Nicollet Mall
Minneapolis, MN 55403-2542

**RE:**   **Process Served in California**

**FOR:**   Target Corporation  (Domestic State: MN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | California Capital Insurance Company, PLTF. vs. General Electric, ET AL., DFTS. // TO: TARGET CORPORATION |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 20STCV08167 |
| **NATURE OF ACTION:** | Property Damage Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/18/2020 at 11:43 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/18/2020, Expected Purge Date: 12/23/2020<br><br>Image SOP<br><br>Email Notification,  Non Employee Litigation Target  gl.legal@target.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>818 West 7th Street<br>Los Angeles, CA 90017<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Page 1 of  1 / RG

EXHIBIT "C"

# EXHIBIT "D"

## Business Record Details »

Minnesota Business Name

**Target Corporation**

**Business Type**
Business Corporation (Domestic)

**File Number**
11-AA

**Filing Date**
02/11/1902

**Renewal Due Date**
12/31/2020

**Number of Shares**
6,005,000,000

**Chief Executive Officer**
BRIAN C CORNELL
1000 Nicollet Mall
Mpls, MN 55403
USA

**MN Statute**
302A

**Home Jurisdiction**
Minnesota

**Status**
Active / In Good Standing

**Registered Office Address**
1010 Dale St N
St Paul, MN 55117–5603
USA

**Registered Agent(s)**
C T Corporation System

**Principal Executive Office Address**
1000 Nicollet Mall
Mpls, MN 55403
USA

Filing History

# Filing History

**Select the item(s) you would like to order:**   Order Selected Copies

|  | Filing Date | Filing | Effective Date |
|---|---|---|---|
| ☐ | 02/11/1902 | Original Filing - Business Corporation (Domestic) | |
| | 02/11/1902 | Business Corporation (Domestic) Business Name (Business Name: Goodfellow Dry Goods Co.) | |



## Secretary of State
## Certificate of Status

I, ALEX PADILLA, Secretary of State of the State of California, hereby certify:

| | |
|---|---|
| **Entity Name:** | TARGET CORPORATION |
| **File Number:** | C0536463 |
| **Registration Date:** | 11/24/1967 |
| **Entity Type:** | FOREIGN STOCK CORPORATION |
| **Jurisdiction:** | MINNESOTA |
| **Status:** | ACTIVE (GOOD STANDING) |

As of October 8, 2020 (Certification Date), the entity is qualified to transact intrastate business in California.

This certificate relates to the status of the entity on the Secretary of State's records as of the Certification Date and does not reflect documents that are pending review or other events that may affect status.

No information is available from this office regarding the financial condition, status of licenses, if any, business activities or practices of the entity.

**IN WITNESS WHEREOF,** I execute this certificate and affix the Great Seal of the State of California this day of October 9, 2020.

**ALEX PADILLA**
**Secretary of State**

**Certificate Verification Number:**  ZNX9M8Y

To verify the issuance of this Certificate, use the Certificate Verification Number above with the Secretary of State Certification Verification Search available at *bebizfile.sos.ca.gov/certification/index*.

# E X H I B I T  "E"

# Corporations Division

## Business Entity Summary

### ID Number: 140689340

[ Request certificate ]     [ New search ]

### Summary for: GENERAL ELECTRIC COMPANY

| | |
|---|---|
| **The exact name of the Foreign Corporation:** GENERAL ELECTRIC COMPANY | |
| **Entity type:** Foreign Corporation | |
| **Identification Number:** 140689340 | **Old ID Number:** 000148818 |
| **Date of Registration in Massachusetts:** 11-26-1892 | |
| | **Last date certain:** |
| **Organized under the laws of: State:** NY **Country:** USA **on:** 04-15-1892 | |
| **Current Fiscal Month/Day:** 12/31 | **Previous Fiscal Month/Day:** 00/00 |

**The location of the Principal Office:**

Address: 5 NECCO STREET

City or town, State, Zip code, Country:     BOSTON,   MA   02210   USA

**The location of the Massachusetts office, if any:**

Address:

City or town, State, Zip code, Country:

**The name and address of the Registered Agent:**

Name:    C T CORPORATION SYSTEM

Address: 155 FEDERAL STREET STE 700

City or town, State, Zip code, Country:     BOSTON,   MA   02110   USA

**The Officers and Directors of the Corporation:**

| Title | Individual Name | Address |
|---|---|---|
| PRESIDENT | H. LAWRENCE CULP JR | 5 NECCO STREET BOSTON, MA 02210 USA |
| TREASURER | JENNIFER VANBELLE | 901 MAIN AVE NORWALK, CT 06851 USA |
| SECRETARY | MICHAEL HOLSTON | 5 NECCO STREET BOSTON, MA 02210 USA |
| CFO | CAROLINA DYBECK HAPPE | 5 NECCO STREET BOSTON, MA 02210 USA |
| VICE PRESIDENT | DANIEL COLAO | 901 MAIN AVE NORWALK, CT 06851 USA |
| AUTHORIZED SIGNATORY | VICTORIA VRON | 901 MAIN AVE NORWALK, CT 06851 USA |
| DIRECTOR | THOMAS W. HORTON | 5 NECCO STREET BOSTON, MA 02210 USA |

| DIRECTOR | PAULA ROSPUT REYNOLDS | 5 NECCO STREET BOSTON, MA 02210 USA |
|---|---|---|
| DIRECTOR | JAMES S TISCH | 667 MADISON AVENUE NEW YORK, NY 10065 USA |
| DIRECTOR | RISA LAVIZZO-MOUREY | 50 COLLEGE ROAD EAST PRINCETOWN, NJ 08540 USA |
| DIRECTOR | LESLIE F SEIDMAN | 5 NECCO STREET BOSTON, MA 02210 USA |
| DIRECTOR | CATHERINE LESJAK | 5 NECCO STREET BOSTON, MA 02210 USA |
| DIRECTOR | EDWARD P GARDEN | 280 PARK AVE NEW YORK, NY 10017 USA |
| DIRECTOR | FRANCISCO DSOUZA | 500 FRANK W BURR BLVD. TEANECK, NJ 07666 USA |
| DIRECTOR | SEBASTIEN M BAZIN | 82 RUE HENRI FARMAN, CS 20077 LSSY-LES-MOULINEAUX, XX 92445 FR |
| DIRECTOR | H. LAWRENCE CULP JR | 5 NECCO STREET BOSTON, MA 02210 USA |

**Business entity stock is publicly traded:**  ☑

**The total number of shares and the par value, if any, of each class of stock which this business entity is authorized to issue:**

| Class of Stock | Par value per share | Total Authorized | | Total issued and outstanding |
|---|---|---|---|---|
| | | No. of shares | Total par value | No. of shares |
| CWP | $ 0.06 | 2,100,000,000 | $ 126000000.00 | 2,100,000,000 |
| CWP | $ 0.06 | 2,100,000,000 | $ 126000000.00 | 2,100,000,000 |
| CWP | $ 0.06 | 2,100,000,000 | $ 126000000.00 | 2,100,000,000 |
| CWP | $ 0.06 | 2,100,000,000 | $ 126000000.00 | 2,100,000,000 |
| CWP | $ 0.06 | 2,100,000,000 | $ 126000000.00 | 2,100,000,000 |
| CWP | $ 0.06 | 2,100,000,000 | $ 126000000.00 | 1,193,833,000 |
| CWP | $ 0.06 | 600,000,000 | $ 36000000.00 | 0 |
| PWP | $ 1.00 | 50,000,000 | $ 50000000.00 | 30,000 |

| ☐ Consent | ☐ Confidential Data | ☐ Merger Allowed | ☐ Manufacturing |
|---|---|---|---|

**Note: Additional information that is not available on this system is located in the Card File.**

**View filings for this business entity:**

ALL FILINGS
Amended Foreign Corporations Certificate
Annual Report
Annual Report - Professional
Application for Reinstatement

**View filings**

**Comments or notes associated with this business entity:**

**New search**

# E X H I B I T  "F"

Home : Business Services : Corp Search : **Corp Information**

# Entity Summary Information

Select the buttons below to file or place an order.

To view Entity Details there will be a $5.00 charge and you will need to click on **VIEW ENTITY DETAILS** button at the bottom of the page.

If you are ordering documents such as a "Certificate of Good Standing" or "copies" you will need to click on **ORDER DOCUMENTS** button at the bottom of the page.

If you are filing a legal document such as a trade name, amendment, annual certificate, etc., you will need to click on **FILE A DOCUMENT** button at the bottom of the page.



**JASCO PRODUCTS COMPANY LLC**

| Details | |
|---|---|
| Filing Number: | 3500647497 |
| Name Type: | Legal Name |
| Status: | In Existence |
| Corp type: | Domestic Limited Liability Company |
| Jurisdiction: | Oklahoma |
| Formation Date: | 29 Jun 2000 |

| Registered Agent Information | |
|---|---|
| Name: | DAVID V STEWART |
| Effective: | 21 Jun 2016 |
| Address: | 10 E MEMORIAL RD |
| City, State , ZipCode: | OKLAHOMA CITY   OK   73114 |

[View Entity Detail]  [File a Document]  [Order Documents]  [New Search]

Visit Ok.gov  |  Site Map  |  Accessibility  |  Disclaimer

Connect with us   f |  |  in

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is: 515 South Flower Street, 18th Floor, Los Angeles, California 90071-2231.

On **January 19, 2021,** I served the foregoing document(s) described as:  **NOTICE OF REMOVAL** parties in this action by sending a true copy of the document to the following parties as follows:

____X____   (BY ELECTRONIC MAIL) I caused the document(s) to be successfully transmitted via electronic mail the offices of the addressees.

_____   (BY FACSIMILE) I transmitted, pursuant to Rule 2.306, the above-described document by facsimile machine (which complied with Rule 3003(3)), to the attached listed fax number(s).  The transmission originated from facsimile phone number (213) 419-5063 and was reported as complete and without error.

_____   **(BY US MAIL)** I caused such sealed envelope(s) with postage thereon fully prepaid to be placed in the United States mail at Los Angeles, California.  I am readily familiar with this business' practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service to:

Attorneys for Plaintiffs

Sally Noma, Esq.
NOMA LAW OFFICE
505 14th Street, Suite 900
Oakland, California 94612
Telephone:  415.493.0755
Facsimile:  415.889.6990
Email:  sally@nomalaw.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 19, 2021, at Los Angeles, California.

By:   *Jodie Alamillo*
   _____
   Jodie Alamillo
   An Employee of Resnick & Louis, P.C.

ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL