UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

**Case No.  CV 21-482-MWF (PDx)**                    **Date:  March 3, 2021**

Title:  California Capital Insurance Company, et al. v. General Electric Company, et al.

Present:   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| | |
|---|---|
| Deputy Clerk: | Court Reporter: |
| Rita Sanchez | Not Reported |
| | |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

**Proceedings (In Chambers):**  ORDER REMANDING CASE TO LOS ANGELES
COUNTY SUPERIOR COURT [12]

On February 17, 2021, the Court ordered Defendant Target Corporation to show cause why it has complied with or is excused from complying with the rule of unanimity under 28 U.S.C. § 1446(b)(2)(A) (the "OSC").  (Docket No. 7).  Target filed a response to the OSC on March 1, 2021 (the "Response").  (Docket No. 8).  In the Response, Target indicated that is has been unable to obtain the consent of Defendants Jasco Products Company, LLC ("Jasco") and General Electric Company ("GE"). (Response ¶ 4).

In a case involving multiple defendants, "[a]ll defendants must join in a removal petition." *Ettlin v. Harris*, SACV 13-1515-DOC (JPRx), 2013 WL 6178986, at *6 (C.D. Cal. Nov. 22, 2013) (quoting *Hewitt v. City of Stanton*, 798 F.2d 1230, 1232 (9th Cir. 1986)).  Although circuits are split as to what form a co-defendant's joinder in removal must take, the Ninth Circuit has adopted the position that "'at least one attorney of record' [must] sign the notice and certify that the remaining defendants consent to removal; it does not insist that each defendant submit written notice of such consent." *Proctor v. Vishay Intertechnology Inc.,* 584 F.3d 1208, 1224-25 (9th Cir. 2009) (quoting *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 201-202 (6th Cir. 2004)).  In general, courts should resolve doubts in favor of remand.  *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 1081-09 (1941) ("Due regard for the rightful independence of state governments . . . requires that [federal courts] scrupulously confine their own jurisdiction to the precise limits which the [removal] statute has defined.").

---

**CIVIL MINUTES—GENERAL**                                                      1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 21-482-MWF (PDx)**                    **Date:  March 3, 2021**
Title:  California Capital Insurance Company, et al. v. General Electric Company, et al.

A court will remand a removed action if the removal was procedurally defective.  28 U.S.C. § 1447(c).  "[V]iolation of the unanimity rule" is one such procedural defect.  *Atl. Nat'l Trust LLC v. Mt. Hawley Ins. Co.,* 621 F.3d 931, 938 (9th Cir. 2010).

Because Target removed this action without the consent of Jasco and GE, and because Target has not identified any applicable exception, the Court determines that Target's removal violates the rule of unanimity.  *Ettlin*, SACV 13-1515-DOC (JPRx), 2013 WL 6178986, at *6 ("[T]he rule of unanimity . . . requires that all defendants in a state court action consent to removal.") (citation omitted).

Accordingly, the action is **REMANDED** to the Los Angeles County Superior Court.  *See e.g.*, *Atl. Nat. Tr., LLC v. Mt. Hawley Ins. Co.*, No. CIV. 09-6054-TC, 2009 WL 2365541, at *3 (D. Or. July 31, 2009) (remanding an action to state court for Defendant's failure to comply with the rule of unanimity).

IT IS SO ORDERED.